IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIS DUARTE,

                  Petitioner,                         OPINION & ORDER

   v.

                                                          14-cv-340-jdp

WARDEN JEFFREY PUGH AND
STANLEY CORRECTIONAL INSTITUTION,

                  Respondents.

---

      Petitioner Luis Duarte is in custody at the Stanley Correctional Institution. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction from the Dane County Circuit Court. Petitioner contends that his rights have been violated in several ways: he was deprived of his right to effective assistance of both trial and appellate counsel; the state failed to disclose potentially exculpatory blood tests; and the court allowed him to unknowingly waive his right to have the proceedings translated into Spanish, his native language. I have conducted a preliminary review of the *pro se*[1] petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. I conclude that this court cannot grant the petition at this point because petitioner has failed to exhaust his state remedies. I will therefore dismiss his petition without prejudice. I express no opinion about the underlying merits of his petition, but he may refile the petition after state court review is complete.

---

[1] Because petitioner is proceeding *pro se*, I must review his petition under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

FACTS

The following facts are drawn from the petition and state court records. In Dane County Case Number 1990CF000536, a jury convicted petitioner of first-degree intentional homicide under Wis. Stat. § 940.01(1) and of attempted armed robbery under Wis. Stat. § 943.32(2). He was sentenced to life in prison on September 11, 1991.

Following his conviction, petitioner met with his appellate counsel and tried to express his desire to appeal the conviction and to challenge the effectiveness of his trial counsel's assistance. On April 2, 1992, appellate counsel filed a motion requesting an extension of time in which to file petitioner's notice of appeal. Then, at the prompting of appellate counsel, petitioner unknowingly signed a document waiving his right to appellate and postconviction relief on June 23, 1992. His counsel filed the document with the court the next day. One week later, the court granted the earlier filed extension of time.

There was no action in petitioner's case for more than twenty years. Then, on November 10, 2014, petitioner filed a petition for habeas relief in the state court of appeals. The court dismissed the petition nearly a month later. But on December 19, 2014, the court of appeals reinstated petitioner's appeal and submitted his habeas petition for reconsideration. On June 1, 2015, the court of appeals denied the petition. On July 1, 2015, petitioner appealed to the Wisconsin Supreme Court, where his case is still pending.

ANALYSIS

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. The standard of review for a writ is "highly deferential" to the rulings of the state court. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal quotation and citation omitted). But no matter what the standard, the court cannot grant a writ if petitioner has not yet exhausted his state remedies. 28 U.S.C.

§ 2254(b)(1)(A) (petitioner must "exhaust[] the remedies available in the courts of the State" before seeking relief in federal court); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (federal courts must defer action where the state court has not yet had the opportunity to correct a violation of a state prisoner's federal rights) (citations omitted), *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012). To exhaust his state remedies, the prisoner must fairly present his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1).

In this case, petitioner's first round of state-court review has not yet been completed because his state petition is pending at the Wisconsin Supreme Court. He has failed to exhaust his state remedies, and his petition to this court is thus premature. Accordingly, the court will dismiss petitioner's claim without prejudice. Because the dismissal is without prejudice, petitioner remains free to renew his habeas petition after exhausting his state court remedies.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner Luis Duarte, Dkt. 1, is DISMISSED without prejudice. The clerk of court is directed to close this case.

Entered August 6, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge